GLD-185                                                   NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1842
_____

IN RE:  JASON COLLURA,
                                                      Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to Civ. No. 12-cv-04398)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
April 4, 2013

Before:  FUENTES, FISHER and GREENBERG, <u>Circuit Judges</u>

(Opinion filed: April 12, 2013)
_____

OPINION
_____

PER CURIAM

    Jason Collura petitions for a writ of mandamus directing the District Court Judge

to recuse himself from presiding over Collura's civil rights action.  For the reasons

below, we will deny the petition.

    The procedural history of this case is well known to the parties and need not be

discussed at length.  Briefly, Collura filed a civil rights action in the Court of Common

Pleas for Philadelphia County.  The defendants removed the matter to the District Court

for the Eastern District of Pennsylvania. Collura subsequently filed a motion for recusal which the District Court denied.

The writ of mandamus will issue only in extraordinary circumstances. See Sporck v. Peil, 759 F.2d 312, 314 (3d Cir. 1985). As a precondition to the issuance of the writ, the petitioner must establish that there is no alternative remedy or other adequate means to obtain the desired relief, and the petitioner must demonstrate a clear and indisputable right to the relief sought. Kerr v. U.S. Dist. Court, 426 U.S. 394, 403 (1976). Mandamus is available to review a District Court's refusal to recuse pursuant to 28 U.S.C. § 455(a), see Alexander v. Primerica Holdings, Inc., 10 F.3d 155, 163 (3d Cir. 1993).

Under 28 U.S.C. § 455, a judge should recuse if his impartiality might reasonably be questioned or he has a personal bias. A litigant's displeasure with the District Court's legal rulings is not an adequate basis for recusal. Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000). "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky v. United States, 510 U.S. 540, 555 (1994). Here, it is clear from Collura's motion for recusal that he is simply displeased with the District Court's legal rulings denying his motion to remand the matter to the state court and requiring him to file an amended complaint deleting inappropriate language. Collura has not shown a

2

clear and indisputable right to have the District Court Judge recuse himself from the matter.

For the above reasons, the petition for a writ of mandamus is denied.